# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2018-0515, <u>John H. Kloppenburg & a. v. Jason N. Smith & a.</u>, the court on June 21, 2019, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiffs, John H. Kloppenburg and Robert McCaffery, co-trustees of The Kloppenburg-McCaffery Trust, appeal orders of the Superior Court (<u>O'Neill</u>, J.), following a bench trial, denying their request for injunctive relief and awarding attorney's fees to the defendants, Jason N. Smith and Erin K. Smith, co-trustees of The J. and E. Smith Family 2015 Revocable Trust. The plaintiffs argue that the trial court erred in: (1) concluding that a 1986 amendment to the condominium declaration is ambiguous; (2) allegedly failing to apply an objective standard in construing the language of the amendment; (3) finding that the defendants' use of their dock space does not unreasonably restrict the plaintiffs' access to their dock space; and (4) failing to reduce the award of attorney's fees by the amount of the reduction in the purchase price as a result of the plaintiffs' threatened legal action.

The parties own units in the Clearwater Cove Condominium Association, formerly known as Foster's Cottages, on Lake Winnipesaukee. The association, which was formed in 1981, consists of ten units. Prior to 1986, only eight of the ten units had assigned dock spaces. In 1986, the association unanimously agreed to create two additional dock spaces within the existing dock area, and the State approved the plan. The plaintiffs purchased their unit in 1999. In 2013, when the defendants' predecessor decided to sell his unit, which had been assigned one of the two dock spaces created in 1986, the plaintiffs sent a letter to the real estate agent threatening legal action if the purchaser used the dock space assigned to the unit. When the defendants purchased the unit and started using their dock space, the plaintiffs filed this action for equitable relief.

The plaintiffs seek to enjoin the defendants from using their assigned dock space in a manner that restricts the plaintiffs' use of their assigned dock space. They rely upon language in the 1986 amendment, which provides that the defendants' dock space "shall not be used in such a manner which would restrict access to other dock spaces within the breakwater area." The plaintiffs argue that this language prohibits the defendants from restricting the plaintiff's use of their dock space "<u>in any way</u>," and that the trial court erred in

construing the language to prohibit the defendants only from <u>unreasonably</u> restricting the plaintiffs' use of their dock space.  The plaintiffs further argue that even if the language is ambiguous, the defendants' dock rights should be subordinated to the plaintiffs' dock rights, and that the court failed to apply an objective standard in concluding that the purpose of the amendment was to apportion dock space "equitably" among the unit owners.  In addition, the plaintiffs argue that the court erred in finding that the defendants' use of their dock space did <u>not</u> unreasonably restrict the plaintiffs' use of their dock space.

Finally, the plaintiffs argue that the trial court erred by failing to reduce the amount of attorney's fees and costs awarded to the defendants by the amount of the reduction in the purchase price as a result of the plaintiffs' threatened legal action.  We uphold the trial court's findings and rulings unless they lack evidentiary support or are legally erroneous.  <u>Loon Valley Homeowner's Ass'n v. Pollack</u>, 171 N.H. 75, 78 (2018).  As the appealing parties, the plaintiffs have the burden of demonstrating reversible error.  <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's well-reasoned orders, the plaintiffs' challenges to them, the relevant law, and the record submitted on appeal, we conclude that the plaintiffs have not demonstrated reversible error.  <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**
